18, United States Code, Section 1961(4). The Jersey City Bartending School was engaged in, and its activities affected, interstate and foreign commerce.

36. From in or about 2006, up through and including in or about 2007, in the Southern District of New York and elsewhere, ANTHONY PALUMBO, ROCCO PETROZZA, FELICE MASULLO, PATSY AVERSA, VINCENT COTONA, and JOSEPH PETULLO, the defendants, unlawfully, willfully, and knowingly combined, conspired, confederated, and agreed together and with each other to violate 18 U.S.C. § 1962(b), that is, to acquire and maintain, directly and indirectly, an interest in and control of the Jersey City Bartending School, an enterprise that engaged in, and the activities of which affected, interstate and foreign commerce, through a pattern of racketeering activity consisting of multiple acts indictable under Title 18, United States Code, Sections 892 (making extortionate extensions of credit) and 894 (collection of extensions of credit by extortionate means).

(Title 18, United States Code, Section 1962(d).)

**COUNT FOUR**
**Extortionate Loans To Victim-1**

The Grand Jury further charges:

37. From in or about 2003, up through and including in or about 2004, in the Southern District of New York and elsewhere, VINCENT COTONA, the defendant, unlawfully, willfully,

and knowingly made extortionate extensions of credit, as that term is defined in Title 18, United States Code, Section 891, to wit, loans to Victim-1.

(Title 18, United States Code, Sections 892 and 2).

**COUNT FIVE**
**Conspiracy To Use Extortionate Means To Collect Loans From Victim-1**

The Grand Jury further charges:

38. From in or about 2003, up through and including in or about 2004, in the Southern District of New York and elsewhere, PATSY AVERSA and VINCENT COTONA, the defendants, and others known and unknown, unlawfully, willfully, and knowingly combined, conspired, confederated, and agreed together and with each other to participate in the use of extortionate means to collect and attempt to collect extensions of credit as that term is defined in Title 18, United States Code, Section 891, and to punish a person for the nonrepayment of such extensions of credit, to wit, AVERSA and COTONA threatened Victim-1 with violence and other harm if he did not repay various loans and debts.

(Title 18, United States Code, Section 894).

**COUNT SIX**
**Use of Extortionate Means To Collect Loans From Victim-1**

The Grand Jury further charges:

39. From in or about 2003, up through and including in or about 2004, in the Southern District of New York and

elsewhere, PATSY AVERSA and VINCENT COTONA, the defendants, unlawfully, willfully, and knowingly participated in the use of extortionate means to collect and attempt to collect extensions of credit as that term is defined in Title 18, United States Code, Section 891, and to punish a person for the nonrepayment of such extensions of credit, to wit, AVERSA and COTONA threatened Victim-1 with violence and other harm if he did not repay various loans and debts.

(Title 18, United States Code, Sections 894 and 2).

**COUNT SEVEN**
**Extortionate Loans to Victim-2**

The Grand Jury further charges:

40. From in or about 2006, up to and including in or about 2007, in the Southern District of New York and elsewhere, JOSEPH PETULLO, the defendant, unlawfully, willfully, and knowingly made extortionate extensions of credit, as that term is defined in Title 18, United States Code, Section 891, to wit, loans and other extensions of credit totaling approximately $40,000 to Victim-2.

(Title 18, United States Code, Sections 892 and 2).

**COUNT EIGHT**
**Conspiracy To Make Extortionate Loans to Victim-1 and Victim-2**

The Grand Jury further charges:

41. From in or about 2006, up to and including in or about 2007, in the Southern District of New York and elsewhere,

JOSEPH PETULLO and PATSY AVERSA, the defendants, and others known and unknown, unlawfully, willfully, and knowingly conspired, confederated, and agreed together and with each other to make extortionate extensions of credit, as that term is defined in Title 18, United States Code, Section 891, to wit, loans and other extensions of credit totaling approximately $40,000 to Victim-1 and Victim-2.

(Title 18, United States Code, Section 892).

**COUNT NINE**
**Extortionate Loans to Victim-1 and Victim-2**

The Grand Jury further charges:

42. From in or about 2006, up to and including in or about 2007, in the Southern District of New York and elsewhere, JOSEPH PETULLO and PATSY AVERSA, the defendants, unlawfully, willfully, and knowingly made extortionate extensions of credit, as that term is defined in Title 18, United States Code, Section 891, to wit, loans and other extensions of credit totaling approximately $40,000 to Victim-1 and Victim-2.

(Title 18, United States Code, Sections 892 and 2).

**COUNT TEN**
**Extortionate Loans to Victim-2**

The Grand Jury further charges:

43. From in or about 2006, up to and including in or about 2007, in the Southern District of New York and elsewhere, ROCCO PETROZZA, the defendant, unlawfully, willfully, and

knowingly made extortionate extensions of credit, as that term is defined in Title 18, United States Code, Section 891, to wit, loans and other extensions of credit totaling approximately $30,000 to Victim-2.

(Title 18, United States Code, Sections 892 and 2).

**COUNT ELEVEN**
**Conspiracy To Make Extortionate Loans to Victim-1 and Victim-2**

The Grand Jury further charges:

44. From in or about 2006, up to and including in or about 2007, in the Southern District of New York and elsewhere, ROCCO PETROZZA and PATSY AVERSA, the defendants, and others known and unknown, unlawfully, willfully, and knowingly conspired, confederated, and agreed together and with each other to make extortionate extensions of credit, as that term is defined in Title 18, United States Code, Section 891, to wit, loans and other extensions of credit totaling approximately $30,000 to Victim-1 and Victim-2.

(Title 18, United States Code, Section 892).

**COUNT TWELVE**
**Extortionate Loans to Victim-1 and Victim-2**

The Grand Jury further charges:

45. From in or about 2006, up to and including in or about 2007, in the Southern District of New York and elsewhere, ROCCO PETROZZA and PATSY AVERSA, the defendants, unlawfully, willfully, and knowingly made extortionate extensions of credit,

as that term is defined in Title 18, United States Code, Section 891, to wit, loans and other extensions of credit totaling approximately $30,000 to Victim-1 and Victim-2.

(Title 18, United States Code, Sections 892 and 2).

**COUNT THIRTEEN**
**Conspiracy to Extort Victim-1 and Victim-2**

The Grand Jury further charges:

46. From in or about 2006, up to and including in or about 2007, in the Southern District of New York and elsewhere, ANTHONY PALUMBO, ROCCO PETROZZA, FELICE MASULLO, PATSY AVERSA, VINCENT COTONA, and JOSEPH PETULLO, the defendants, and others known and unknown, unlawfully, willfully, and knowingly combined, conspired, confederated, and agreed, together and with each other, to commit extortion, as that term is defined in Title 18, United States Code, Section 1951(b)(2), by obtaining money and property from and with the consent of another person, to wit, Victim-1 and Victim-2, the owners and operators of the Jersey City Bartending School, which was engaged in interstate commerce, which consent would have been and was induced by the wrongful use of actual and threatened force, violence, and fear, and thereby would and did obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3).

(Title 18, United States Code, Section 1951).

**COUNT FOURTEEN**
**Extortion of Victim-1 and Victim-2**

The Grand Jury further charges:

47. From in or about 2006, up to and including in or about 2007, in the Southern District of New York and elsewhere, ANTHONY PALUMBO, ROCCO PETROZZA, FELICE MASULLO, PATSY AVERSA, VINCENT COTONA, and JOSEPH PETULLO, the defendants, and others known and unknown, unlawfully, willfully, and knowingly committed extortion, as that term is defined in Title 18, United States Code, Section 1951(b)(2), by obtaining money and property from and with the consent of another person, to wit, Victim-1 and Victim-2, the owners and operators of the Jersey City Bartending School, which was engaged in interstate commerce, which consent would have been and was induced by the wrongful use of actual and threatened force, violence, and fear, and thereby would and did obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3).

(Title 18, United States Code, Sections 1951 and 2).

**COUNT FIFTEEN**
**Conspiracy To Use Extortionate Means To Collect Loans from Victim-1 and Victim-2**

The Grand Jury further charges:

48. From in or about 2006, up to and including in or about 2007, in the Southern District of New York and elsewhere, ANTHONY PALUMBO, ROCCO PETROZZA, FELICE MASULLO, PATSY AVERSA,

VINCENT COTONA, and JOSEPH PETULLO, the defendants, and others known and unknown, unlawfully, willfully, and knowingly combined, conspired, confederated, and agreed together and with each other to participate in the use of extortionate means to collect and attempt to collect extensions of credit as that term is defined in Title 18, United States Code, Section 891, and to punish a person for the nonrepayment of such extensions of credit, to wit, PALUMBO, PETROZZA, MASULLO, AVERSA, COTONA, and PETULLO collected and attempted to collect approximately $70,000 in debt from Victim-1 and Victim-2 through implicit and explicit threats of the use of violence and other harm if Victim-1 and Victim-2 did not repay.

(Title 18, United States Code, Section 894).

**COUNT SIXTEEN**
**Use of Extortionate Means To Collect Loans from Victim-1 and Victim-2**

The Grand Jury further charges:

49. In or about 2006, in the Southern District of New York and elsewhere, ANTHONY PALUMBO, ROCCO PETROZZA, FELICE MASULLO, PATSY AVERSA, VINCENT COTONA, and JOSEPH PETULLO, the defendants, unlawfully, willfully, and knowingly participated in the use of extortionate means to collect and attempt to collect extensions of credit as that term is defined in Title 18, United States Code, Section 891, and to punish a person for the nonrepayment of such extensions of credit, to wit, PALUMBO,

PETROZZA, MASULLO, AVERSA, COTONA, and PETULLO collected and attempted to collect approximately $70,000 in debt from Victim-1 and Victim-2 through implicit and explicit threats of the use of violence and other harm if Victim-1 and Victim-2 did not repay.

(Title 18, United States Code, Sections 894 and 2).

**COUNT SEVENTEEN**
**Use Of Extortionate Means To Collect Loans From Victim-3**

The Grand Jury further charges:

50. From in or about 2002, up through and including on or about 2006, in the Southern District of New York and elsewhere, CHARLES SALZANO, the defendant, and others known and unknown, unlawfully, willfully, and knowingly participated the use of extortionate means to collect and attempt to collect extensions of credit as that term is defined in Title 18, United States Code, Section 891, and to punish a person for the nonrepayment of such extensions of credit, to wit, SALZANO threatened Victim-3 with violence and other harm if he did not repay various loans and debts.

(Title 18, United States Code, Sections 894 and 2).

**COUNT EIGHTEEN**
**Conspiracy To Use Extortionate Means To Collect Loans from Victim-4**

The Grand Jury further charges:

51. In or about 2006, in the Southern District of New York and elsewhere, DANIEL LEO, JOSEPH LEO, and ARTHUR BOLAND,

the defendants, and others known and unknown, unlawfully, willfully, and knowingly combined, conspired, confederated, and agreed together and with each other, to participate in the use of extortionate means to collect and attempt to collect extensions of credit as that term is defined in Title 18, United States Code, Section 891, and to punish a person for the nonrepayment of such extensions of credit, to wit, DANIEL LEO, JOSEPH LEO, and BOLAND collected payments from Victim-4 based on the implicit threat of the use of physical violence and other harm if Victim-4 did not repay various loans and debts.

(Title 18, United States Code, Section 894).

**COUNT NINETEEN**
**Use Of Extortionate Means To Collect Loans from Victim-4**

The Grand Jury further charges:

52. In or about 2006, in the Southern District of New York and elsewhere, DANIEL LEO, JOSEPH LEO, and ARTHUR BOLAND, the defendants, unlawfully, willfully, and knowingly participated in the use of extortionate means to collect and attempt to collect extensions of credit as that term is defined in Title 18, United States Code, Section 891, and to punish a person for the nonrepayment of such extensions of credit, to wit, DANIEL LEO, JOSEPH LEO, and BOLAND collected payments from Victim-4 based on the implicit threat of the use of physical violence and other harm if Victim-4 did not repay various loans and debts.

(Title 18, United States Code, Sections 894 and 2).

**COUNT TWENTY**
**Extortionate Loans To Victim-5**

The Grand Jury further charges:

53. In or about 2006, in the Southern District of New York and elsewhere, JOSEPH LEO, the defendant, unlawfully, willfully, and knowingly made extortionate extensions of credit, as that term is defined in Title 18, United States Code, Section 891, to wit, loans totaling approximately $13,000 to Victim-5.

(Title 18, United States Code, Sections 892 and 2).

**COUNT TWENTY-ONE**
**Use Of Extortionate Means To Collect Loans From Victim-5**

The Grand Jury further charges:

54. From in or about 2006, in the Southern District of New York and elsewhere, JOSEPH LEO, the defendant, unlawfully, willfully, and knowingly participated in the use of extortionate means to collect and attempt to collect extensions of credit, as that term is defined in Title 18, United States Code, Section 891, and to punish a person for the nonrepayment of such extensions of credit, to wit, JOSEPH LEO collected payments from Victim-5 based on the implicit threat of the use of physical violence and other harm if Victim-5 did not repay various loans and debts.

(Title 18, United States Code, Sections 894 and 2).

**COUNT TWENTY-TWO**
**Conspiracy To Make Extortionate Loans To Victim-6**

The Grand Jury further charges:

55. In or about 2006, in the Southern District of New York and elsewhere, DANIEL LEO and JOSEPH LEO, the defendants, and others known and unknown, unlawfully, willfully, and knowingly combined, conspired, confederated, and agreed together and with each other to make extortionate extensions of credit, as that term is defined in Title 18, United States Code, Section 891, to wit, loans totaling approximately $20,000 to Victim-6.

(Title 18, United States Code, Section 892).

**COUNT TWENTY-THREE**
**Extortionate Loans To Victim-6**

The Grand Jury further charges:

56. In or about 2006, in the Southern District of New York and elsewhere, DANIEL LEO and JOSEPH LEO, the defendants, unlawfully, willfully, and knowingly made extortionate extensions of credit, as that term is defined in Title 18, United States Code, Section 891, to wit, loans totaling approximately $20,000 to Victim-6.

(Title 18, United States Code, Sections 892 and 2).

**COUNT TWENTY-FOUR**
**Conspiracy To Make Extortionate Loans To Victim-7**

The Grand Jury further charges:

57. In or about 2006, in the Southern District of New York and elsewhere, DANIEL LEO and JOSEPH LEO, the defendants, and others known and unknown, unlawfully, willfully, and knowingly, combined, conspired, confederated, and agreed together and with each other to make extortionate extensions of credit, as that term is defined in Title 18, United States Code, Section 891, to wit, loans totaling several thousand dollars to Victim-7.

(Title 18, United States Code, Section 892).

**COUNT TWENTY-FIVE**
**Extortionate Loans To Victim-7**

The Grand Jury further charges:

58. In or about 2006, in the Southern District of New York and elsewhere, DANIEL LEO and JOSEPH LEO, the defendants, unlawfully, willfully, and knowingly made extortionate extensions of credit, as that term is defined in Title 18, United States Code, Section 891, to wit, loans totaling several thousand dollars to Victim-7.

(Title 18, United States Code, Sections 892 and 2).

**COUNT TWENTY-SIX**
**Conspiracy To Use Extortionate Means To Collect Loans From Victim-7**

The Grand Jury further charges:

59. From in or about 2006, in the Southern District of New York and elsewhere, DANIEL LEO and JOSEPH LEO, the defendants, and others known and unknown, unlawfully, willfully, and knowingly combined, conspired, confederated, and agreed together and with each other to participate in the use of extortionate means to collect and attempt to collect extensions of credit as that term is defined in Title 18, United States Code, Section 891, and to punish a person for the nonrepayment of such extensions of credit, to wit, DANIEL LEO and JOSEPH LEO collected payments from Victim-7 based on the implicit threat of the use of physical violence and other harm if Victim-7 did not repay various loans and debts.

(Title 18, United States Code, Section 894).

**COUNT TWENTY-SEVEN**
**Use Of Extortionate Means To Collect Loans From Victim-7**

The Grand Jury further charges:

60. From in or about 2006, in the Southern District of New York and elsewhere, DANIEL LEO and JOSEPH LEO, the defendants, unlawfully, willfully, and knowingly participated in the use of extortionate means to collect and attempt to collect extensions of credit as that term is defined in Title 18, United

States Code, Section 891, and to punish a person for the nonrepayment of such extensions of credit, to wit, DANIEL LEO and JOSEPH LEO collected loan repayments from Victim-7 based on the implicit threat of the use of physical violence and other harm if Victim-7 did not repay various loans and debts.

(Title 18, United States Code, Sections 894 and 2).

**COUNT TWENTY-EIGHT**
**Conspiracy To Make Extortionate Loans To Victim-8**

The Grand Jury further charges:

61. From in or about late 2007, up through and including in or about July 2008, in the Southern District of New York and elsewhere, FELICE MASULLO, ANGELO MASULLO, and ANTHONY MASULLO, the defendants, and others, known and unknown, combined, conspired, confederated, and agreed together and with each other to make extortionate extensions of credit, as that term is defined in Title 18, United States Code, Section 891, to wit, loans totaling approximately $41,000 to Victim-8.

(Title 18, United States Code, Section 892).

**COUNT TWENTY-NINE**
**Extortionate Loans To Victim-8**

The Grand Jury further charges:

62. From in or about late 2007, up through and including in or about July 2008, in the Southern District of New York and elsewhere, FELICE MASULLO, ANGELO MASULLO, and ANTHONY

MASULLO, the defendants, made extortionate extensions of credit, as that term is defined in Title 18, United States Code, Section 891, to wit, loans totaling approximately $41,000 to Victim-8.

(Title 18, United States Code, Sections 892 and 2).

**COUNT THIRTY**
**Financing Extortionate Loans to Victim-8**

The Grand Jury further charges:

63. From in or about late 2007, up through and including in or about July 2008, in the Southern District of New York and elsewhere, FELICE MASULLO, ANGELO MASULLO, and ANTHONY MASULLO, the defendants, unlawfully, willfully, and knowingly advanced money and property, as a loan and investment, and pursuant to a partnership and profit-sharing agreement, to a person, with reasonable grounds to believe that it was the intention of that person to use the money and property so advanced directly and indirectly for the purpose of making extortionate extensions of credit, as that term is defined in Title 18, United States Code, Section 891, to wit, the defendants advanced approximately $41,000 to Victim-8 with the explicit understanding that Victim-8 intended to make extortionate extensions of credit to additional individuals.

(Title 18, United States Code, Sections 893 and 2).

**COUNT THIRTY-ONE**
**Conspiracy To Use Of Extortionate Means To Collect Loans From Victim-8**

The Grand Jury further charges:

64. From in or about late 2007, up through and including in or about July 2008, in the Southern District of New York and elsewhere, FELICE MASULLO, ANGELO MASULLO, and ANTHONY MASULLO, the defendants, and others known and unknown, unlawfully, willfully, and knowingly, combined, conspired, confederated, and agreed together and with each other to participate in the use of extortionate means to collect and attempt to collect extensions of credit as that term is defined in Title 18, United States Code, Section 891, and to punish persons for the nonrepayment of such extensions of credit, to wit, the defendants collected loan repayments from Victim-8 based on the implicit threat of the use of physical violence and other harm if Victim-8 did not repay various loans and debts.

(Title 18, United States Code, Section 894).

**COUNT THIRTY-TWO**
**Use of Extortionate Means To Collect Loans From Victim-8**

The Grand Jury further charges:

65. From in or about late 2007, up through and including in or about July 2008, in the Southern District of New York and elsewhere, FELICE MASULLO, ANGELO MASULLO, and ANTHONY MASULLO, the defendants, unlawfully, willfully, and knowingly

participated in the use of extortionate means to collect and attempt to collect extensions of credit as that term is defined in Title 18, United States Code, Section 891, and to punish persons for the nonrepayment of such extensions of credit, to wit, the defendants collected loan repayments from Victim-8 based on the implicit threat of the use of physical violence and other harm if Victim-8 did not repay various loans and other debts.

(Title 18, United States Code, Sections 894 and 2).

**COUNT THIRTY-THREE**
**Narcotics Conspiracy**

The Grand Jury further charges:

66. From in or about March 2008, up to and including in or about July 2008, in the Southern District of New York and elsewhere, FELICE MASULLO, ANGELO MASULLO, and ANTHONY MASULLO, the defendants, and others known and unknown, unlawfully, intentionally, and knowingly did combine, conspire, confederate and agree together and with each other to violate the narcotics laws of the United States.

67. It was a part and an object of the conspiracy that FELICE MASULLO, ANGELO MASULLO, and ANTHONY MASULLO, the defendants, and others known and unknown, unlawfully, intentionally, and knowingly would and did distribute and possess with intent to distribute a controlled substance, to wit, 500 grams and more of mixtures and substances containing a detectable

amount of cocaine, in violation of Title 21, United States Code, Sections 812, 841(a)(1) and 841(b)(1)(B).

(Title 21, United States Code, Section 846.)

**COUNT THIRTY-FOUR**
**Narcotics Conspiracy**

The Grand Jury further charges:

68. From in or about June 2008, up to and including in or about July 2008, in the Southern District of New York and elsewhere, FELICE MASULLO and ANGELO MASULLO, the defendants, and others known and unknown, unlawfully, intentionally, and knowingly did combine, conspire, confederate and agree together and with each other to violate the narcotics laws of the United States.

69. It was a part and an object of the conspiracy that FELICE MASULLO and ANGELO MASULLO, the defendants, and others known and unknown, unlawfully, intentionally, and knowingly would and did distribute and possess with intent to distribute a controlled substance, to wit, 50 grams and more of mixtures and substances containing a detectable amount of cocaine base, in a form commonly known as "crack," in violation of Title 21, United States Code, Sections 812, 841(a)(1) and 841(b)(1)(A).

(Title 21, United States Code, Section 846.)

**COUNT THIRTY-FIVE**
**Operation Of An Illegal Gambling Business**

The Grand Jury further charges:

70. From in or about 2006, up through and including in or about 2007, in the Southern District of New York and elsewhere, DANIEL LEO, CHARLES SALZANO, and JOSEPH LEO, the defendants, and others known and unknown, unlawfully, willfully and knowingly conducted, financed, managed, supervised, directed, and owned all and part of an illegal gambling business, namely a business that engaged in sports bookmaking and illegal lottery schemes known as "policy," in violation of New York State Penal Law Sections 225.00 and 225.05, which business involved five and more persons who conducted, financed, managed, supervised, directed, and owned all and part of it, and which business had been and remained in substantially continuous operation for a period in excess of thirty days and had gross revenues of $2,000 in a single day.

(Title 18, United States Code, Sections 1955 and 2.)

**COUNT THIRTY-SIX**
**Conspiracy To Operate An Illegal Gambling Business**

The Grand Jury further charges:

71. From in or about 2006, up to and including in or about 2007, in the Southern District of New York and elsewhere, DANIEL LEO, CHARLES SALZANO, and JOSEPH LEO, the defendants, and others known and unknown, unlawfully, willfully and knowingly did

combine, conspire, confederate and agree together and with each other to commit an offense against the United States, to wit, to violate Title 18, United States Code, Section 1955.

72. It was a part and an object of the conspiracy that DANIEL LEO, CHARLES SALZANO, and JOSEPH LEO, the defendants, and others known and unknown, unlawfully, willfully, and knowingly would and did conduct, finance, manage, supervise, direct, and own all and part of an illegal gambling business, namely a business that engaged in sports bookmaking and illegal lottery schemes known as "policy," in violation of New York State Penal Law Sections 225.00 and 225.05, and which business involved five and more persons who conducted, financed, managed, supervised, directed, and owned all and part of it, and which business had been and had remained in substantially continuous operation for a period in excess of thirty days and had gross revenues of $2,000 in a single day, in violation of Title 18, United States Code, Section 1955.

<u>Overt Acts</u>

73. In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a. On or about April 17, 2006, DANNY LEO and JOSEPH LEO had a discussion relating to illegal gambling.

b. On or about February 12, 2007, a co-conspirator who is not named as a defendant herein ("CC-1") sent a package containing gambling proceeds to JOSEPH LEO at an address in Manhattan.

(Title 18, United States Code, Section 371.)

**COUNT THIRTY-SEVEN**
**Operation of an Illegal Gambling Business**

The Grand Jury further charges:

74. From at least in or about late 2007, up through and including in or about July 2008, in the Southern District of New York and elsewhere, FELICE MASULLO, ANGELO MASULLO, and ANTHONY MASULLO, the defendants, and others known and unknown, unlawfully, willfully and knowingly conducted, financed, managed, supervised, directed, and owned all and part of an illegal gambling business, namely, a business that engaged in illegal sports bookmaking, in violation of New York State Penal Law Sections 225.00 and 225.05, which business involved five and more persons who conducted, financed, managed, supervised, directed, and owned all and part of it, and which business had been and remained in substantially continuous operation for a period in excess of thirty days and had gross revenues of $2,000 in a single day.

(Title 18, United States Code, Sections 1955 and 2.)

**COUNT THIRTY-EIGHT**

**Conspiracy To Operate An Illegal Gambling Business**

The Grand Jury further charges:

75. From at least in or about late 2007, up through and including in or about July 2008, in the Southern District of New York and elsewhere, FELICE MASULLO, ANGELO MASULLO, and ANTHONY MASULLO, the defendants, and others known and unknown, unlawfully, willfully and knowingly did combine, conspire, confederate and agree together and with each other to commit an offense against the United States, to wit, to violate Title 18, United States Code, Section 1955.

76. It was a part and an object of the conspiracy that FELICE MASULLO, ANGELO MASULLO, and ANTHONY MASULLO, the defendants, and others known and unknown, unlawfully, willfully, and knowingly would and did conduct, finance, manage, supervise, direct, and own all and part of an illegal gambling business, namely a business that engaged in illegal sports bookmaking, in violation of New York State Penal Law Sections 225.00 and 225.05, and which business involved five and more persons who conducted, financed, managed, supervised, directed, and owned all and part of it, and which business had been and had remained in substantially continuous operation for a period in excess of thirty days and had gross revenues of $2,000 in a single day, in violation of Title 18, United States Code, Section 1955.

Overt Acts

77. In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a. On or about June 3, 2008, Victim-8, while working as a confidential source, contacted ANGELO MASULLO from a telephone in Manhattan to discuss sports bookmaking.

b. On or about June 14, 2008, Victim-8, while a confidential source, placed a bet from Manhattan with the defendants' sports betting business.

c. On or about July 7, 2008, Victim-8, while working as a confidential source placed a bet from Manhattan with the defendants' sports betting business.

(Title 18, United States Code, Section 371.)

**FIRST FORFEITURE ALLEGATION**

78. The allegations contained in Counts One through Four of this Indictment are repeated, realleged, and incorporated by reference as though fully set forth herein for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 1963. Pursuant to Rule 32.2, Fed. R. Crim. P., notice is hereby given to the defendants that the United States will seek forfeiture as part of any sentence in accordance with Title 18, United States Code, Section 1963 in the

event of any defendant's conviction under Counts One through Four of this Indictment.

79. The defendants DANIEL LEO, ANTHONY PALUMBO, CHARLES SALZANO, ROCCO PETROZZA, FELICE MASULLO, PATSY AVERSA, VINCENT COTONA, JOSEPH LEO, JOSEPH PETULLO, ANTHONY MASULLO, and ANGELO MASULLO,

a. have acquired and maintained interests in violation of Title 18, United States Code, Section 1962, which interests are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(1);

b. have an interest in, security of, claims against, and property and contractual rights which afford a source of influence over the enterprise named and described herein which the defendants established, operated, controlled, conducted, and participated in the conduct of, in violation of Title 18, United States Code, Section 1962, which interests, securities, claims, and rights are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(2); and

c. have property constituting and derived from proceeds obtained, directly and indirectly, from the aforesaid racketeering activity, in violation of Title 18, United States Code, Section 1962, which property is subject to forfeiture to

the United States pursuant to Title 18, United States Code, Section 1963(a)(3).

80. The interests and property of the defendants subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(1), (a)(2), and (a)(3), include, but are not limited to at least $4,250,000.

81. The above-named defendants, and each of them, are jointly and severally liable for the forfeiture obligations as alleged above.

Substitute Assets

82. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants -

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third party;

(3) has been placed beyond the jurisdiction of the court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 1963(m), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property, including but not limited to the following (hereafter, the "Substitute Assets"):

a. Any and all right, title, and interest held by DANIEL LEO, the defendant, in the real property and appurtenances known as 330 Olivewood Place #119, Boca Raton, Florida;

b. Any and all right, title, and interest held by DANIEL LEO, the defendant, in the real property and appurtenances known as 19 Rockleigh Road, Rockleigh, New Jersey;

c. Any and all right, title, and interest held by DANIEL LEO, the defendant, in the real property and appurtenances known as 3623 NW 5th Terrace, Boca Raton, Florida;

d. Any and all right, title, and interest held by ROCCO PETROZZA, the defendant, in the real property and appurtenances known as 614 Hamburg Turnpike, Pompton Lakes, New Jersey;

e. Any and all right, title, and interest held by FELICE MASULLO, the defendant, in the real property and appurtenances known as 108 Conselyea, Brooklyn, New York;

f. Any and all right, title, and interest held by FELICE MASULLO, the defendant, in the real property and appurtenances known as 341 Leonard Street, Brooklyn, New York;

g. Any and all right, title, and interest held by FELICE MASULLO, the defendant, in the real property and appurtenances known as 325 Manhattan Avenue, Brooklyn, New York;

h. Any and all right, title, and interest held by FELICE MASULLO, the defendant, in the real property and appurtenances known as 309 Graham Avenue, Brooklyn, New York;

i. Any and all right, title, and interest held by FELICE MASULLO, the defendant, in the real property and appurtenances known as 60-16 76th Street, Middle Village, New York;

j. Any and all right, title, and interest held by PATSY AVERSA, the defendant, in the real property and appurtenances known as 72 Madison Street, Wood Ridge, New Jersey;

k. Any and all right, title, and interest held by PATSY AVERSA, the defendant, in the real property and appurtenances known as 332-336 Newark Avenue, Jersey City, New Jersey;

l. Any and all right, title, and interest held by PATSY AVERSA, the defendant, in the real property and appurtenances known as 3180 Windsor Avenue, Toms River, New Jersey;

m. Any and all right, title, and interest held by VINCENT COTONA, the defendant, in the real property and appurtenances known as 40 Harrison Street, 28L, New York, New York;

n. Any and all right, title, and interest held by VINCENT COTONA, the defendant, in the real property and appurtenances known as 175 Beach Front, a/k/a 176 First Avenue, Manasquan, New Jersey;

o. Any and all right, title, and interest held by ROCCO PETROZZA, the defendant, in the real property and appurtenances known as 19 Plauderville Avenue, Unit 110, Garfield, New Jersey;

p. Any and all right, title, and interest held by JOSEPH LEO, the defendant, in the real property and appurtenances known as 37 Village Green, Bardonia, New York;

q. Any and all right, title, and interest held by JOSEPH PETULLO, the defendant, in the real property and appurtenances known as 5 Knoll Road, Fairfield, New Jersey;

r. Any and all right, title, and interest held by JOSEPH PETULLO, the defendant, in the real property and appurtenances known as 23 Oakland Terrace, Fairfield, New Jersey;

s. Any and all right, title, and interest held by ANTHONY MASULLO, the defendant, in the real property and appurtenances known as 82-23 60th Road, Middle Village, New York;

t. Any and all right, title, and interest held by ANTHONY MASULLO, the defendant, in the real property and appurtenances known as 284 Defoe Street, Brooklyn, New York;

u. Any and all right, title, and interest held by ANGELO MASULLO, the defendant, in the real property and appurtenances known as 59-34 69th Lane, Maspeth, New York;

v. Any and all right, title, and interest held by ANGELO MASULLO, the defendant, in the real property and appurtenances known as 294 North 6th Street, Brooklyn, New York;

w. Any and all right, title, and interest held by ANGELO MASULLO, the defendant, in the real property and appurtenances known as 86 Herbert Street, Brooklyn, New York;

x. All assets of Aversa Holding, Inc.;

y. All assets of A.D.S., Inc.;

z. All assets of 896 Fischer Boulevard Corporation;

aa. Vehicle bearing New York license plate number EGH7905 and vehicle identification number 1J4FA44SX6P727439;

bb. Vehicle bearing New Jersey license plate number XA936K and vehicle identification number 4JGAB57E74A510788;

cc. Vehicle bearing New Jersey license plate number VCP98U and vehicle identification number 4JGAB57E74A510788;

dd. One black 2008 Infinity M35 bearing New York license plate number DWS 1049 and vehicle identification number JNKAY01FS8M655063;

ee. One gray 2005 Cadillac bearing New York license plate number DTC 6994 and vehicle identification number 1G6DP567950110909;

ff. All United States currency funds or other monetary instruments credited to account number 8012271891, in the name of DANIEL LEO, located at PNC Bank, and any property traceable thereto;

gg. All holdings in the name of DANIEL LEO at UBS Financial Services, and any property traceable thereto;

hh. All holdings in the name of DANIEL LEO held at Hilliard Lyons brokerage, including but not limited to account number 51450334, and any property traceable thereto;

ii. All holdings in the names of DANIEL LEO and Theresa Leo at PNC Investments, including but not limited to account numbers 51450334 and 56744477, and any property traceable thereto;

jj. All holdings in the names of DANIEL LEO and Theresa Leo at Janney Montgomery Scott LLC, including but not limited to account numbers 21493736, 53874316 and 57551885, and any property traceable thereto;

kk. All United States currency funds or other monetary instruments credited to accounts held in the name of Danuta Petrozza at PNC Bank, including but not limited to account numbers 8025953939, 8107867815, 802275506331, and any property traceable thereto;

ll. All United States currency funds or other monetary instruments credited to accounts held in the name of Danuta Petrozza at Columbia Bank, and any property traceable thereto;

mm. All United States currency funds or other monetary instruments credited to accounts held in the name of Lidia Aversa at Bank of America, including but not limited to account numbers 004346013970 and 000501565019, and any property traceable thereto;

nn. All United States currency funds or other monetary instruments credited to accounts held in the name of Patsy and Lidia Aversa at Kearny Federal Savings Bank, 250 Valley Boulevard, Wood Ridge, New Jersey, including but not limited to account number 0061605531, and any property traceable thereto;

oo. All United States currency funds or other monetary instruments credited to accounts held in the name of Patsy Aversa and A.D.S., Inc., held at Pamrapo Savings Bank, including but not limited to account number 0605004878, and any property traceable thereto;

pp. All United States currency funds or other monetary instruments credited to accounts held in the name of Quality Mechanical Contractor held at JP Morgan Chase, including but not limited to account numbers 6107459470 and 6105247603, and any property traceable thereto;

qq. All United States currency funds or other monetary instruments credited to accounts held in the name of 221 First Avenue Corporation held at JP Morgan Chase, including but not limited to account number 6105811924, and any property traceable thereto.

(Title 18, United States Code, Section 1963.)

## SECOND FORFEITURE ALLEGATION

83. As a result of committing one or more of the loansharking offenses in violation of 18 U.S.C. §§ 892 and 894, alleged in Counts Four through Twelve and Counts Fifteen through Thirty-Two of this Indictment, defendants DANIEL LEO, ANTHONY PALUMBO, CHARLES SALZANO, ROCCO PETROZZA, FELICE MASULLO, PATSY AVERSA, VINCENT COTONA, JOSEPH LEO, JOSEPH PETULLO, ANTHONY MASULLO, ANGELO MASULLO, and ARTHUR BOLAND shall forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the violations of 18 U.S.C. §§ 892 and 894, including but not limited to $250,000 in United

States currency, for which the defendants are jointly and severally liable.

Substitute Assets

84. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants --

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third party;

(3) has been placed beyond the jurisdiction of the court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property, including but not limited to the Substitute Assets identified in paragraph 82, above.

(Title 18, United States Code, § 981(a)(1)(C), and Title 28, United States Code, Section 2461).

**THIRD FORFEITURE ALLEGATION**

85. As the result of committing the extortion offenses in violation of Title 18, United States Code, Section 1951, alleged in Counts Thirteen and Fourteen of this Indictment, defendants ANTHONY PALUMBO, ROCCO PETROZZA, FELICE MASULLO, PATSY AVERSA, VINCENT COTONA, and JOSEPH PETULLO, shall forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, any property, real or personal, that constitutes or is derived from proceeds traceable to the commission of the offenses, including but not limited to a sum of money equal to $70,000 in United States currency, representing the amount of the debt that the defendants attempted to extort from Victim-1 and Victim-2, for which the defendants are jointly and severally liable.

Substitute Assets

86. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants -

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third party;

(3) has been placed beyond the jurisdiction of the court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property. including but not limited to limited to the Substitute Assets identified in paragraph 82, above.

(Title 18, United States Code, §§ 981(a)(1)(C), and Title 28, United States Code, Section 2461).

**FOURTH FORFEITURE ALLEGATION**

87. As the result of committing the gambling offenses in violation of Title 18, United States Code, Sections 371 and 1955 alleged in Counts Thirty-Five through Thirty-Eight of this Indictment, defendants DANIEL LEO, CHARLES SALZANO, JOSEPH LEO, FELICE MASULLO, ANGELO MASULLO, and ANTHONY MASULLO, shall forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, and pursuant to 18 U.S.C. § 1955(d), any and all property constituting or derived from any proceeds the said defendants obtained directly or indirectly as a result of the said violations and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violations alleged in Counts Thirty-Five

through Thirty-Eight of this Indictment, including but not limited to at least $4,000,000 in United States currency, in that such sum in aggregate is property representing the amount of proceeds obtained as a result of the alleged gambling offenses, for which the defendants are jointly and severally liable.

Substitute Assets

88. If any of the above-described forfeitable property, as a result of any act or omission of the defendant(s):

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant(s) up to the value of the above forfeitable property, including but not limited to the Substitute Assets identified in paragraph 83, above.

(Title 18, United States Code, §§ 981(a)(1)(C), and Title 28, United States Code, Section 2461).

FOREPERSON

LEV L. DASSIN
Acting United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**UNITED STATES OF AMERICA**

**- v -**

**DANIEL LEO,**
**ANTHONY PALUMBO,**
**CHARLES SALZANO,**
**ROCCO PETROZZA,**
**FELICE MASULLO,**
**PATSY AVERSA,**
**VINCENT COTONA,**
**JOSEPH LEO,**
**JOSEPH PETULLO,**
**ANTHONY MASULLO,**
**ANGELO MASULLO, and**
**ARTHUR BOLAND,**

**Defendants.**

**INDICTMENT**

S1 08 Cr. 874 (RJH)

(Title 18, United States Code, Sections 371, 892, 894, 1951, 1955, 1962, and 21 United States Code, Section 846).

LEV L. DASSIN
Acting United States Attorney.

**A TRUE BILL**

Foreperson.